UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEROY BURKE,<br><br>  Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>  Respondent. | CAUSE NO. 3:18-CV-575-JD-MGG |

OPINION AND ORDER

Leroy Burke, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing where a disciplinary hearing officer (DHO) found him guilty of Possession of a Controlled Substance in violation of Indiana Department of Correction offense B-202 and sanctioned him with the loss of earned credit time on March 19, 2018, under case number ISO 18-03-2. ECF 1. He raises two grounds in his petition. *Id.* The Warden filed a response. ECF 7. Burke filed a traverse. ECF 10.

In Ground One, he argues there was no evidence to support the finding of guilt. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although

some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

An inmate violates the prison rule against Possession or Use of Controlled Substance by "Possession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code, possession of drug paraphernalia, possession/use of a synthetic drug, or drug lookalike." ECF 7-1. Here, the Conduct Report states:

> On 3/8/2018 I was activated for an Esquad shakedown of ISO. Upon entering the West 2 wing I conducted a search of Row2 Bed5 offender Burke #103288. Upon searching of his cabinet I seen a tied baggy of unknown green leafy substance. I then had our K9 unit run the Drug dog on the green leafy substance, it was at this time the dog indicated on the substance. I then confiscated the baggy and filled out a confiscation slip for the offender and turned it in to II. This conduct report stands as written.

ECF 7-1.

Burke was not assigned to Row 2, Bed 5; his bed assignment was Row 3, Bed 5. ECF 7-8. Three times the Conduct Report identifies the location as Row 2, Bed 5. However, the Confiscation Notice shows the "Green Leafy Substance" was taken from Row 3, Bed 5. ECF 7-2 at 1. So too, the Evidence Record shows it was found in Row 3, Bed 5. ECF 7-2 at 2. The evidence record card is also photographed with the seized substance and Burke's ID badge. All of this contradictory information was before the DHO who had to determine whether to believe the Green Leafy Substance was found in Row 2 or Row 3. Clearly the DHO determined it had been found in Row 3 and was

2

Burke's property. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, based on the Confiscation Notice and the Evidence Card photographed with his ID badge, it was not arbitrary for the DHO to have found Burke guilty. Additionally, Burke also argues the Green Leafy Substance was later tested and found to be a "Look a like substance." ECF 7-3. However, since the definition of B-202 includes look-a-like substances, it was not arbitrary for the DHO to have found Burke guilty of Possessing a Controlled Substance.

In Ground Two, Burke argues he was denied 24 hour advance written notice of the factual basis of the charges before the hearing was held. *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be given 24 hour advance written notice of the factual basis of the charges against him. However, he waived his right to 24 hour notice. ECF 7-4. Therefore it could not be a due process violation to have held the hearing less than 24 hours after he was notified of the charge against him. Here, Burke was notified of the charges on March 13, 2018. *Id*. The hearing was held on March 19, 2018. ECF 7-7. Nevertheless, he argues he needed a new notice because the charges were changed from possessing a controlled substance to possessing a look-a-like substance. *Wolff* requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged. *Wolff* does not require such a notice to identify the specific number of the rule violation, its title, nor severity. *See Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003)

(No due process violation where the Final Reviewing Authority increased the charge on appeal.) and *Salazar v. Wilson*, 498 F. App'x 600, 603 (7th Cir. 2012) ("The modification did not violate Salazar's right to due process; the additional charge relies on the same evidence introduced at the disciplinary hearing and Salazar's defense applied equally to both charges."). Here, the relevant underlying facts remained unchanged: a Green Leafy Substance was found in his bed area. Whether that substance was an illegal drug or a look-a-like substance, the defenses were the same: he argued it was not his bed area and the substance was tea. Therefore his defense was not prejudiced and he was not denied due process.

If Burke wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith. Nevertheless, if Sample files a notice of appeal, he may ask the United States Court of Appeals for leave to proceed in forma pauperis by filing a motion with the Circuit Court along with a copy of this order demonstrating that he has already been denied leave to proceed in forma pauperis by the District Court.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment; and

(3) DENIES Leroy Burke leave to proceed in forma pauperis on appeal.

SO ORDERED on December 27, 2019

                                                    /s/ JON E. DEGUILIO  
                                                  JUDGE  
                                                  UNITED STATES DISTRICT COURT